NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **A.F.**, *et al.*,<br><br>                    Plaintiffs,<br><br>          v.<br><br>**STATE OF NEW JERSEY<br>DEPARTMENT OF CORRECTIONS,**<br><br>                    Defendant. | Civil Action No. 21-14591 (ZNQ) (TJB)<br><br>**MEMORANDUM ORDER** |

QURAISHI, U.S.D.J.

      This matter comes before the Court on the application of *pro se* Movant Golda D. Harris ("Movant") to proceed *in forma pauperis*. (ECF No. 1-1). The Court has reviewed the application and the Complaint (ECF No. 1). Although the Court will grant Movant's application to proceed *in forma pauperis*, the Court *sua sponte* remands the case.

      Movant seeks removal of a state court proceeding involving prisoners at the Edna Mahan Correctional Facility for Women where Movant says she was an inmate from 2008 through 2019. (ECF No. 1 at 1.) On August 2, 2021, Movant filed a Notice of Removal ("the Notice") in this Court. (*Id*.) The Notice argues that "the court has original jurisdiction in the instant civil action for claims arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. 1331" and "supplemental jurisdiction pursuant to 28 U.S.C. 1367." (*Id*. at 3.)

      Defendant State of New Jersey Department of Corrections ("Defendant") filed an informal letter rather than a formal Motion for Remand. (ECF No. 4.) In its letter Defendant requests, with consent of all parties in the state court matter, "that the Court *sua sponte* remand this matter to the Superior Court of New Jersey because non-party Golda Harris improperly seek removal" and that

"[t]he improper removal of this matter is delaying a highly-publicized global settlement that involves two class actions and other individual claims." (ECF No. 4 at 1.) In support of its request for *sua sponte* remand, Defendant argues (1) that this court lacks subject matter jurisdiction because there are no federal claims in the state court suit, and (2) that Movant's removal is improper here, given that she is not even a party in the state court matter, much less "a defendant" as required by the removal statute, 28 U.S.C. § 1446(a). (*Id*. at 2 (citing Second Amended Complaint in state court matter, attached to Defendant's Letter as Exhibit A.))

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In order to effect removal of an action from state court, the defendant must file a notice of removal. 28 U.S.C. § 1446(a). Under Section 1441, it is the movant's burden to show the removal is proper. *See Farrell v. FedEx Ground Package Sys., Inc.*, 478 F. Supp. 3d 536, 540 (D.N.J. 2020). After a case has been removed, the district court may remand it to state court "if the removal was procedurally defective or subject matter jurisdiction is lacking." *Id*. (citing 28 U.S.C. § 1447(c)). Here, both circumstances compel the remand of this matter.

First, the removal of this action is procedurally defective because Movant has no authority to remove it. The removal statute provides that a "defendant" may remove a matter to the appropriate district court. 28 U.S.C. § 1441(a). As the Department of Corrections points out, and as is clear from the record, Ms. Harris is not a party to the state court suit, let alone a defendant.

Second, even setting aside the procedural defect, the Court lacks subject matter jurisdiction over this matter. Generally speaking, a district court has the obligation to raise questions of subject matter jurisdiction *sua sponte*, *see U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 389 (3d Cir. 2002), and under the removal statute, cases shall be remanded to the state court if "it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "Federal courts are courts of limited jurisdiction that may only hear a case if the constitution or a federal statute provides the court with jurisdiction." *Fung v. Wells Fargo Bank*, Civ. No. 20-1099, 2021 WL 3124323, at *3 (D.N.J., July 23, 2021) (interior quotes omitted). Here, Movant argues that the Court has federal question jurisdiction and supplemental jurisdiction.

Federal question jurisdiction is found only where a federal question appears on the face of a properly pleaded complaint. See *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Fung*, 2021 WL 3124323, at *3. The Court has reviewed the copy of the Second Amended Complaint in the state court action that was supplied by Defendant and finds that the Second Amended Complaint pleads only violations of New Jersey state statutes and the New Jersey State Constitution. Accordingly, the complaint presents no federal question from which the Court might derive subject matter jurisdiction. Neither the complaint nor the Notice of Removal suggest that there is a basis for diversity jurisdiction. And without federal subject matter jurisdiction, there can be no supplemental jurisdiction. *See, e.g., Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 406 (7th Cir. 2004). The Court therefore concludes that it lacks subject matter jurisdiction over this matter.

For the reasons set forth above, and for good cause shown,

**IT IS** on this **13th** day of **August, 2021**,

**ORDERED** that Movant's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 is **GRANTED**; and it is further

**ORDERED** that the Clerk's Office is instructed to file the Notice of Removal without prepayment of fees or security; and it is further

**ORDERED** that this matter is **REMANDED**; the Clerk's Office is instructed to remand this action to the Superior Court of New Jersey, Law Division, Hunterdon County.

                                                  s/ Zahid N. Quraishi
                                                  **Zahid N. Quraishi**
                                                  **United States District Judge**